IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-78-1H
No. 4:14-CV-215-H

| | |
|---|---|
| ERIC PASCAL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the government's motion to dismiss, [D.E. #145], in response to petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. #139]. Petitioner has filed a response, [D.E. #148] as well as a motion for an evidentiary hearing [DE #149] and a motion to supplement [DE #154]. This matter is ripe for adjudication.

### BACKGROUND

On August 10, 2011, petitioner pled guilty, pursuant to a written plea agreement, to two counts of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three); distribution of 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Five); and possession

with the intent to distribute a quantity of cocaine and aiding and abetting that offense, in violation of 21 U.S.C. § 841(a)(1) (Count Seven). On April 10, 2012, this court sentenced petitioner to a term of imprisonment of 192 months. Judgment was entered in petitioner's case on April 25, 2012. Petitioner did not file an appeal. On or about November 19, 2014, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

2

28 U.S.C. § 2255(f).

Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Therefore, his judgment became final upon entry on April 25, 2012 or at the latest 14 days later—May 9, 2012. Fed. R. App. 4(b)(1); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011). Because petitioner did not file the instant motion until November of 2014, the motion was filed outside the one year statute of limitations and is untimely under § 2255(f)(1). Petitioner has also not alleged sufficient facts to show a basis for extending the statutory timeframe for filing under § 2255(f)(2)-(4)[1]. Petitioner has made no showing that equitable tolling is warranted in his case. Finally, while petitioner alleges he has an actual innocence claim, he is really asserting he is "innocent" of a sentencing enhancement, a claim that is insufficient to overcome the procedural hurdles faced by this petitioner. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (To establish actual innocence, petitioner must demonstrate that "it

---

[1] Petitioner's motion to supplement attempts to rely on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA unconstitutional. Were petitioner's claims actually based on Johnson, then a motion to vacate filed within one year from the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable would be timely. See Welch v. United States, __ U.S. __, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016) (declaring Johnson retroactively applicable). However, as Johnson relates to the Armed Career Criminal Act and petitioner argues he is not a career offender, Johnson is inapplicable to petitioner's case and does not affect his motion's timeliness.

is more likely than not that no reasonable juror would have convicted him."); Bousley v. United States, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal sufficiency.").

Therefore, petitioner's motion to vacate is untimely and, therefore, DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [D.E. #145], is GRANTED, and petitioner's section 2255 motion, [D.E. #139], is DISMISSED. Additionally, petitioner's other motions [DE #149 and # 154] are dismissed as MOOT. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist could not find

4

this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 26th day of May 2016.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26