IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CR-78-1H
No. 4:16-CV-162-H

ERIC PASCAL JACKSON,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #165]. The government filed a motion to stay, [DE #175], and the court granted the motion, staying the matter pending the Supreme Court's resolution of United States v. Beckles, 137 S. Ct. 886 (2017). [DE #176]. Petitioner has filed a motion to supplement pursuant to Federal Rule of Civil Procedure 15(d), [DE #189], and this court GRANTS the motion. The time for further filing has expired, and this matter is ripe for adjudication.[1]

## BACKGROUND

On August 10, 2011, petitioner was found guilty pursuant to a written memorandum of plea agreement, of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts

---

[1] The court notes the FPD Office filed a motion to withdraw on the basis that no motions would be presented in light of United States v. Beckles, 137 S. Ct. 886 (2015), [DE #183], and this motion was granted by this court. [DE #186].

Two and Three); distribution of 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Five); and possession with intent to distribute a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Seven). [DE #98]. On April 10, 2012, the court sentenced petitioner to a total term of imprisonment of 192 months. Id. Judgment was entered on April 25, 2012. Petitioner did not appeal. Id.

On November 19, 2014, petitioner filed his first motion under 28 U.S.C. § 2255, [DE #139], which motion was dismissed as untimely. [DE #155]. Petitioner appealed the denial of his § 2255, and the appeal was dismissed. [DE #184 and #185]. Petitioner requested permission from the Fourth Circuit to file a second § 2255 motion, and permission was granted in light of Johnson v. United States, 135 S. Ct. 2551 (2015). [DE #168]. Petitioner moved to vacate in light of Johnson v. United States, 235 S. Ct. 2551 (2015), arguing that he no longer has qualifying predicate offenses to qualify as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.2. [DE #165]. Petitioner also argues supplemental arguments regarding ineffective assistance of counsel for failure of counsel to object to predicate offenses designating petitioner as a career offender. [DE #189].

**COURT'S DISCUSSION**

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act, ("ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. In Beckles v. United States, 137 S. Ct. 886 (2017), however, the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was not sentenced under the ACCA. Therefore, petitioner's argument that he is subject to relief pursuant to Johnson is without merit.

Petitioner raises ineffective assistance of counsel claims based on failure of counsel to object to North Carolina second degree burglary and North Carolina Breaking and Entering as qualifying predicate offenses for a career offender designation. [DE #189]. However, these arguments are without merit as counsel for defendant did in fact object to petitioner's designation as a career offender, and this objection was denied. Therefore, petitioner has failed to show that counsel's representation "fell below the standard of reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687-91 (1984).

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, [DE #165], is DENIED. Petitioner's supplemental motion pursuant to Federal Rule of Civil Procedure 15(d), [DE #189], is hereby GRANTED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 9th day of January 2019.

                                                Malcolm J. Howard
                                                Senior United States District Judge

At Greenville, NC
#35